Complainants seek by their bill to restrain defendants from seizing and selling certain bowling alleys, fixtures and equipment under two defaulted conditional sales contracts between defendant Brunswick-Balke-Collender Company and Jersey Recreation, Incorporated. One contract was filed April 3d 1928, refiled March 11th, 1931, and again refiled March 30th, 1932. The other contract was filed originally October 16th, 1928, refiled October 14th, 1931, and again refiled October 7th, 1932.
The complainant Collingswood Trust Company, on June 29th, 1932, recovered against said Jersey Recreation, Incorporated, *Page 598 
a judgment in the Camden city district court for $390.68. This judgment was docketed in the common pleas court of Camden county on July 6th, 1932; execution thereon was issued on November 18th, 1932, and the sheriff levied upon the bowling alleys, fixtures, equipment, and other personal property in the possession of Jersey Recreation, Incorporated, under said two conditional sales contracts.
The sheriff, under said execution, sold on December 5th, 1932, to the complainants, these bowling alleys, fixtures and equipment, subject to the prior claim of Wagner Adler, Incorporated, amounting approximately to $100, and the claims of P.W. Rice, owner of the premises where the bowling alleys were operated. No mention was made of the contracts of defendant Brunswick-Balke-Collender Company, and no notice was given to such defendant of the sale. It appears, however, that the sheriff sold subject to any encumbrances that might be of record. The complainants, since the time of the sale, have had these bowling alleys, fixtures and equipment in their possession and have used them in the business of operating bowling alleys through their employe, David Herbert, who is, or was, the president of Jersey Recreation, Incorporated.
The conditional sales contracts being defaulted upon, the defendants proceeded to advertise the bowling alleys and equipment for sale on January 24th, 1933, on the premises, 628 and 630 Haddon avenue, Collingswood, New Jersey.
The defendants also commenced a suit in replevin in the Camden county circuit court and a writ of replevin dated January 17th, 1933, was served upon the complainants on January 19th, 1933. Bond was given by the defendants herein, the plaintiffs in that action, in accordance with the Replevin act. The complainants in this cause filed their bill to restrain the sale of these chattels and personal property and also to restrain the prosecution of the replevin suit. An order to show cause was made in which the defendants were temporarily restrained from selling and from prosecuting their suit in replevin.
The complainants raise the question that the contracts entered *Page 599 
into between the defendant Brunswick-Balke-Collender Company, and Jersey Recreation, Incorporated, were not filed and refiled in accordance with the provisions of the Conditional Sales act, and that therefore the same are void as against the complainant Collingswood Trust Company, a creditor, although on file at the time of the levy and sale by the sheriff under the execution.
The second contract, originally filed October 16th, 1928, was filed strictly in accordance with the terms of the statute, and so far as the first contract which was originally filed April 3d 1928, refiled March 11th, 1931, and again refiled March 30th, 1932, is concerned, the only question which can be raised as to the legality of filing, is the fact that the last refiling was not thirty days next preceding the expiration of one year from the refiling on March 11th, 1931, in compliance with section 11 of the Conditional Sales act. P.L. 1919 ch. 210. However, the contract had been refiled three months before the complainant Collingswood Trust Company recovered its judgment and the bowling alleys and equipment were not levied upon under an execution issued as a result of that judgment until several months later.
I think it is clear that neither of these conditional sales contracts were void as against the complainants herein. These complainants had notice — if not actual notice, at least constructive notice — by reason of the refiling of the contracts. While the facts in the case of Morey Co. v. Schaad,98 N.J. Law 799, are not exactly the same, yet the principle laid down in that case, I think, is controlling in this one.
The defendants in this cause having started a suit in replevin, caused the writ of replevin to be issued and a bond given in accordance with the Replevin act. If there is any question as to the title to these bowling alleys and equipment, this question can be completely disposed of in the replevin action. The rights of the complainants may be fully protected in that suit.
Under the Replevin act the complainants herein could retain possession of the goods and chattels in question by rereplevining and giving a bond. If, however, the complainants *Page 600 
do not see fit to do this, then the bond given by the defendant Brunswick-Balke-Collender Company, plaintiff in the replevin suit, can be made to answer for the value of the personal property, the subject of the replevin suit, together with damages for the unlawful detention. Bishop Babcock Co. v. Keffer,69 N.J. Law 47.
The order to show cause will be dismissed.